## BARRETT v. McCRUMMEN.

(Filed April 2, 1901.)

1. INSTRUCTIONS—*Exceptions and Objections—Appeal.*

   Instructions can not be objected to for the first time on appeal.

2. PARTNERSHIP—*Torts.*

   If one partner commits a tort, the partnership will not be bound, unless it be either authorized or adopted by the firm, or be within the proper scope or business of the partnership.

3. PARTNERSHIP—*Individual Liability.*

   Where a partnership is sued, no judgment can be had against the individual members.

4. EVIDENCE—*Sufficiency—Partnership.*

   Where there is not any sufficient evidence on a point to submit to the jury, the Court should so charge.

128——6

ACTION by R. A. Barrett against M. D. McCrummen, Duncan McCrummen and Malcom McCrummen, trading as M. D. McCrummen & Co., heard by Judge *Frederick Moore* and a jury, at January Term, 1901, of MOORE County Superior Court. From a judgment for the plaintiff, the defendant appealed.

*Seawell & Burns,* for the plaintiff.
*Black & Adams,* for the defendants.

MONTGOMERY, J. This action was brought to recover damages for the destruction of personal property belonging to the plaintiff by fire alleged to have been kindled by the defendants in their own woods, and by them negligently permitted to spread to the lands of the plaintiff.

The summons was issued against and served on the three defendants, who were described as trading "as M. D. McCrummen & Co." In the complaint there is no allegation of the partnership, the pleader seemingly intending to hold the defendants liable both as partners and individuals. The issues were as follows: (1) Did the defendants set fire to certain woods as alleged in the complaint? (2) Did the defendants negligently permit said fire to spread to and burn the property of the plaintiff as alleged in the complaint? The defendants, after the evidence was in, requested the Court to instruct the jury "that the defendants having been sued as a partnership, the jury can not return a verdict against the individual members of the firm, or either of them," and the instruction was given. Whether that instruction was correct or not, is not before us for determination, for, as we have said, it was given at the defendants' request, and the plaintiff filed no exception. But in connection with that instruction the defendant made exception to another instruction of the Court, which was in these words: "If you find from the evidence that Duncan McCrummen set out the fire *which the defendants*

*afterwards negligently permitted to spread* to the property of
the plaintiff and burn it, and at the time of setting out the fire
the defendants M. D. McCrummen and Malcom McCrummen
knew that the fire was being set out, and caused or procured it
to be set out, you should answer the first and second issues in
favor of the plaintiff, although you should further find from
the evidence that they did not set out the fire while acting
within the scope of the partnership business."

There was no inconsistency between the instructions; the
one was, that, because the partnership had been sued no judg-
ment could be had against the individual members; the other
was that if one of the partners did the negligent act and the
other two knew that the fire was being set out, and caused or
procured it to be set out, the first and second issues should be
answered affirmatively, although the fire was not set out as
an act within the scope of the partnership business. That
was a correct charge. "As to torts not committed in the
course of the partnership business, it is very clear that the
partnership is not liable therefor in its social character unless
indeed they are assented to or accepted as the act of the part-
nership." Story on Partnership, section 166. If one part-
ner commits a tort the partnership will not be bound unless it
be either authorized or adopted by the firm, or be within the
proper scope or business of the partnership. The defendant in
his brief insists that his Honor committed error when he in-
structed the jury in these words, "And in no view of the case
can you return a verdict against one of the defendants unless
you return it against all." However that may be, there was
no exception to it by the defendant. The defendants were
father and two sons and all engaged in a mercantile business
as partners; and it is probable that no exception was intended
to be made at the trial; anyway, none was made.

The defendants requested one instruction which was re-
fused, but which ought to have been given, and that was,

"That there is no sufficient evidence that the plaintiff's property was destroyed by any act or negligence of the defendants, or either of them, while acting within the scope of the partnership business." The evidence was voluminous, but it has been carefully examined by the Court, and we find that there is not a line of it going to show that the land on which the fire originated was used in any way whatever for partnership purposes or was in the least connected with the business of the firm—that business being simply one for the sale of general merchandise.

For the errors pointed out there must be a new trial.

Error.